**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50109 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-03410-BEN |
| v. | |
| JOSE LUIS HIDALGO-VILLANUEVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Jose Luis Hidalgo-Villanueva appeals from the district court's judgment and

challenges the 13-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Hidalgo-Villanueva contends that the government breached the parties' plea agreement at the sentencing hearing by implicitly suggesting that it did not support the stipulated four-level fast-track departure under U.S.S.G. § 5K3.1. We reject this argument because the record reflects that, in its sentencing summary chart and at the sentencing hearing, the government stood by its recommendation that Hidalgo-Villanueva receive the stipulated fast-track departure. Accordingly, Hidalgo-Villanueva received the benefit of his bargain and "the presentation of a united front to the court." *United States v. Alcala-Sanchez,* 666 F.3d 571, 575 (9th Cir. 2012) (internal quotations omitted).

Hidalgo-Villanueva next contends that his sentence is substantively unreasonable in light of the mitigating factors and the court's denial of the fast-track departure. We disagree. The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Hidalgo-Villanueva's immigration history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**